UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sergey Averin, | ) | CASE NO. 1:15 CV 1408 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | **Memorandum of Opinion** |
| | ) | **and Order** |
| Fedloan Servicing of | ) | |
| Department of Education, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Sergey Averin filed this action under 42 U.S.C. § 1983 and Title VII, 42 U.S.C. §2000e against Fedloan Servicing, Department of Education. In the Complaint, Plaintiff claimed he is repaying four different student loans with sequential loan account numbers, and payments for one loan are often credited to another. He asked this Court to order the Department of Education to assign new, non-sequential account numbers to his loans so he can make payments on individual accounts.

On August 3, 2015, the Court notified Plaintiff that his Complaint, as written, failed to state a claim upon which relief may be granted. The Court informed him that 42 U.S.C. § 1983 only applied to actions taken by State government officials, not federal agencies, and Title VII prohibited employment discrimination. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Neither

statute was applicable here.  The Court gave him thirty (30) days from the date of that Order to amend his Complaint to set forth a cognizable claim for relief.  He requested additional time to file his Amended Complaint and the Court extended the deadline to September 30, 2015.

On September 30, 2015, Plaintiff filed a Motion to Amend his Complaint (ECF No.8).  That Motion is granted.  Plaintiff's Amended Complaint contains the same factual allegations but he now contends he is entitled to relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and the Civil Rights Act of 1964, 42 U.S.C. § 1983.  Neither of these statutes provides a viable cause of action for the Plaintiff.  For the reasons stated below, this case is dismissed.

## BACKGROUND

Plaintiff alleges he has four student loans, which the Fedloan Servicing Division of the Department of Education assigned to one loan account number, 536846308.  Each of the four loans within the account were assigned numbers in sequence (536846308-1, 536846308-2, 536846308-3, 536846308-4).  Each of the different loans has its own interest rate, and Plaintiff receives a separate statement for each account.

Plaintiff claims that over the years, he attempted to make payments on specific loans, but the Department of Education applied his payments to loans other than the one he intended to pay.  He claims the government applied the payments to the loans with the lowest, rather than the highest, interest rates, costing him more money over time.  He states that this practice created confusion and his accounts became unmanageable.  He indicates he requested that his loans be assigned new non-sequential account numbers, but the Department of Education has not responded to his letters.  He claims the government is now garnishing his wages.

Plaintiff lists his causes of action as the FDCPA, and the Civil Rights Act of 1964, 42 U.S.C. § 1983.  He asks this Court to order the Department of Education to assign new account numbers to his loans, and apply all of his loan payments to the accounts for which he intended them, reverse the garnishment orders, forgive his student loans and refund any payments he made.

**STANDARD OF REVIEW**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court may dismiss an action *sua sponte* if the Court clearly lacks jurisdiction over the matters presented in the Complaint, or if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the Court of jurisdiction.  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  The Court lacks jurisdiction over the matters presented in the Amended Complaint.

**DISCUSSION**

The only Defendant in this case is the United States Department of Education.  The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction.  *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996).  A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied.  *Lane v. Pena*, 518 U.S. 187, 192 (1996)).  Furthermore, the waiver of sovereign immunity will be strictly construed, in terms of its scope, in favor of the Government.  *Id.* at 192.  When the Plaintiff relies on a statute for which the Federal Government did not clearly waive its sovereign immunity, the Federal Government is

immune from suit, and the Court is deprived of subject matter jurisdiction to consider the claims. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)).

The United States has not consented to suit under either the FDCPA or under 42 U.S.C. § 1983. The FDCPA subjects a debt collector to civil liability for failure to comply with any of its provisions. *See* 15 U.S.C. § 1692k(a). The statute specifically excludes from liability "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." *See* 15 U.S.C. § 1692a(6)(C). The FDCPA does not contain an unequivocal and express waiver of sovereign immunity. In fact, it contains language exempting the officers and employees of the United States, which casts doubt that Congress intended to waive immunity for the Government as a sovereign entity. Because sovereign immunity is strictly construed in favor of the United States, this Court lacks subject matter jurisdiction to consider this claim. *See Fisher v. Dep't of Educ.*, No. 1:12 CV 282, 2012 WL 3544744, at *3 (S.D. Ohio Aug. 16, 2012)(court had no jurisdiction over claims brought by borrowers against the Department of Education under the FDCPA). *See also Wagstaff v. Dep't. of Educ.*, 509 F.3d 661 (5th Cir. 2007) (dismissing suit brought by borrower against the Department of Education, holding that the FDCPA did not contain waiver of sovereign immunity).

In addition, the United States has not consented to suit in a civil rights action. As an initial matter, 42 U.S.C. § 1983 applies to actions taken by State government officials. It does not apply to actions taken by a federal agency. The Supreme Court of the United States provided a limited cause of action against individual federal government officials under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) for violations of constitutional rights. The United

States government, however, has not consented to suit in a *Bivens* action.  *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Scibana*, No. 02-1439, 2003 WL 1795860 at * 1 (6th Cir. April 1, 2003)(stating that a federal prisoner can not bring a *Bivens* action against the Bureau of Prisons).  The Court lacks subject matter jurisdiction over that claim as well.

### **CONCLUSION**

Accordingly, this action is dismissed for lack of subject matter jurisdiction.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/5/15